**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JACQUELINE GIBSON,

        Plaintiff,

vs.

SHEREE D. CORNIEL,

        Defendant.

2:13–cv–01759–RCJ–VCF

**ORDER**

    Before the court is Plaintiff Jacqueline Gibson's *ex parte* motion for discovery (#4[1]). Defendant Sheree Corniel did not file an opposition because Corniel has not yet appeared in this matter.

    Gibson's motion for discovery is denied. Although Gibson is proceeding *pro se*, she is advised that she is required to read and follow the rules of court, including the Federal Rules of Civil Procedure and the Local Rules for the District of Nevada. Gibson's motion is improper under the Local Rules and Federal Rules for at least three reasons.

    First, under Local Rule 7-5(b), parties are prohibited from filing *ex parte* motions with the court unless the moving party includes a statement with the motion that demonstrates "good cause" why the matter should be submitted to the court without notice to all parties. In the motion before the court, Gibson did not include a statement demonstrating good cause as to why her discovery request should not be seen by Corniel.

---

[1] Pathetical citations refer to the court's docket.

1

Second, Federal Rule of Civil Procedure 26(d) provides that "[a] party many not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d). Because Corniel has not yet appeared in this action, Gibson's motion for discovery is premature.

Third, Gibson is advised that under the Federal Rules there is no such thing as a "motion for discovery." After Corniel appears and the parties confer under Rule 26(f), Gibson may request discovery as permitted by the Federal Rules of Civil Procedure. This includes depositions (*see* Rule 30), interrogatories (*see* Rule 33), requests for production of documents (*see* Rule 34), and requests for admissions (*see* Rule 36). If Gibson makes a valid discovery request under one of these Rules and Corniel refuses to comply with Gibson's valid request, then Gibson may file a motion to compel discovery under Rule 37. In the event that Gibson satisfies Rule 37's requirements, the court ***may*** then order Corniel to disclose the information that Gibson seeks.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Jacqueline Gibson's *ex parte* motion for discovery (#4) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE