# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JACQUELINE GIBSON,<br><br>        Plaintiff,<br><br>vs.<br><br>SHEREE D. CORNIEL,<br><br>        Defendant. | 2:13–cv–1759–RCJ–VCF<br><br>**ORDER AND<br>REPORT & RECOMMENDATION** |

This matter involves *pro se* Plaintiff Jacqueline Gibson's negligence action against U.S. Probation Officer Sheree D. Corniel. Before the court is the United States of America's motion to substitute the United States of America as a Defendant (#8[1]). Also before the court are Gibson's motion to extend time to oppose (#14), motion for leave to amend (#18), and motion to extend time to serve Corniel (#21). Each motion is addressed below.

The United States' motion to substitute the United States as a Defendant (#8) should be granted. Because the United States Attorney for the District of Nevada certified that Ms. Corniel was acting within the course and scope of her employment at the time Ms. Gibson's claim arose, (*see* Def.'s Cert. of Employ. (#8-1) at ¶ 2), the court must substitute the United States as the sole Defendant. *See* 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee as acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . commenced upon such claim in a United States district court *shall be deemed* an

---

[1] Parenthetical citations refer to the court's docket.

action against the United States") (emphasis added).[2]

Having decided that the United States' motion to substitute should be granted, the court turns to Ms. Gibson's motion to extend time to oppose (#14), motion for leave to amend (#18), and motion to extend time to serve Ms. Corniel (#21). As stated during the court's February 18, 2014 hearing, the court grants Ms. Gibson's motion to extend (#14). Ms. Gibson's opposition to the United States' motion to dismiss (#10) is due March 11, 2014; and, the United States' reply is due March 25, 2014. As also stated during the court's hearing, because the court finds that the United States should be substituted as a party, the Government's argument that Ms. Gibson's action should be dismissed because Ms. Corniel has not been served is moot. Therefore, it is unnecessary for Ms. Gibson to address the Government's Rule 12(b)(5) argument.

Ms. Gibson's motion to amend (#18) is denied without prejudice. Ms. Gibson may renew her motion if the Government does not prevail on the one remaining issue: whether this court lacks jurisdiction pursuant to 28 U.S.C. § 2690(a).

Finally, Ms. Gibson's motion to extend time to serve Ms. Corniel (#21) is denied as moot. As discussed above, the United States has been substituted as the only Defendant in this action.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the Government's motion to substitute (#8) be GRANTED.

IT IS ORDERED that Ms. Gibson's motion to extend (#14) is GRANTED. Ms. Gibson's opposition to the United States' motion to dismiss is due March 11, 2014; and, the United States' reply

---

[2] As noted during the court's February 18, 2014 hearing, the United States' motion to substitute is erroneously predicated on 28 U.S.C. § 2679(d)(2), which governs actions arising in state court, and 10 U.S.C. § 9442(b)(2), which concerns volunteer civilian auxiliaries of the Civil Air Patrol. Because these provisions are irrelevant to this action, the court strikes these citations and amends the United States' motion *sua sponte* to correctly reflect that 28 U.S.C. § 2679(d)(1) is the proper basis for the United States' motion. *See, e.g., Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008) (stating that the district court's inherent power to control its docket includes the power to strike).

is due March 25, 2014.

IT IS FURTHER ORDERED that Ms. Gibson's motion to amend (#18) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Ms. Gibson's motion to extend time (#21) is DENIED as moot.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of February, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE