UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JACQUELINE GIBSON, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:13-cv-01759-RCJ-VCF |
| UNITED STATES OF AMERICA, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This case arises out of the unlawful killing of a non-party. Pending before the Court is a Motion to Dismiss (ECF No. 10). For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

On or about January 7, 2011, non-party Ronnie Gibson, Jr. was released from federal custody on a five-year term of supervised release. (*See* Compl. ¶ 18, Sept. 25, 2013, ECF No. 1). Defendant Sheree D. Corniel was the U.S. Probation Officer assigned to supervise Gibson. (*Id.* ¶¶ 3–6). During Gibson's term of supervised release, non-party Timothy Oliver unlawfully killed Gibson. (*Id.* ¶ 12).

Plaintiff Jacqueline Gibson sued Defendant in this Court *in pro se* for negligence and strict liability, based upon the theory that her failure to adequately supervise Gibson caused his death. (*See generally id.*). The United States moved to substitute itself as Defendant, and the Court granted the motion upon the magistrate judge's recommendation. In the meantime,

1 Corniel had moved to dismiss.  That motion remains pending before the Court.

2 **II.     DISCUSSION**

Defendant argues that Plaintiff has failed to serve it, and that discretionary immunity applies.  The Court finds that discretionary immunity applies, even assuming proper service. Under the Federal Tort Claims Act, the Government is not liable for:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).  The Supreme Court has ruled that the statute therefore provides for discretionary immunity when: (1) the allegedly negligent acts involve elements of judgment or choice; (2) and the conduct in question is susceptible to policy analysis.  *United States v. Gaubert*, 499 U.S. 315 (1991); *Berkovitz v. United States*, 486 U.S. 531 (1988).  If this test is satisfied, there is discretionary immunity, even if the employee was negligent, and even if the employee abused his or her discretion.  *See* § 2680(a).

A probation officer of course has discretion in supervising his or her charges, within the conditions commanded by the sentencing court in the judgment.  Plaintiff does not allege that Corniel failed to supervise Gibson within the confines ordered in the judgment.  Nor does Plaintiff allege any particular acts or omissions by Corniel, but simply concludes that she must necessarily be liable for his death because she had a duty to supervise him in some capacity.  A probation officer does not have custody over a person on supervised release the same way a prison guard has custody over an inmate.  A person on supervised release is only in "custody" in the most technical sense.  He is in reality released into society at large, outside of the presence of the probation officer.  He must simply report to his probation officer periodically as instructed and is required to refrain from certain behavior on his own recognizance.  A probation officer's task is to supervise the releasee so that he does not reoffend.  A probation officer's duty is not to

protect the releasee from others.  It is not as if the releasee is in the protective custody of the probation officer.  Accordingly, the cases recognizing a tort duty by probation officers (limited by the discretionary immunity statute) concern the duty of a probation officer to protect members of the public from the releasee himself. *See* Francis M. Dougherty, *Probation Officer's Liability for Negligent Supervision of Probationer*, 44 A.L.R. 4th 638 (collecting cases).  So even assuming discretionary immunity did not apply here—and the Complaint does not allege any facts indicating the kind of malice necessary to overcome discretionary immunity—it is difficult to see how Defendant could be found liable for failing to keep Gibson safe.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 9th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge